UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREW LAUD BARNETT,

Plaintiff,

v.

BROOK McDOWALL, et al.,

Defendants.

3:13-cv-00476-AA

ORDER

AIKEN, District Judge.

Plaintiff, an inmate in the custody of the state of Oregon, filed a complaint under 42 U.S.C. § 1983 alleging that a female deputy sheriff touched him in a sexual manner and made vulgar comments to him while he was an inmate in the Columbia County Jail. Plaintiff alleges violations of his Eighth and Fourteenth Amendment rights and "the tort of assault battery under Oregon State law."

The following motions are before the court:

1.) Defendant Dave Brown moves the court to dismiss plaintiff's claims against him for failure to state a claim. Motion to Dismiss (#41).

Plaintiff alleges that "Defendant Brown, U.S. Marshal, [is] responsible for federal pre-trial inmates' safe-keeping and well being awaiting trial; and is in charge of making decisions on transportation issues to and from court and institutions; and is generally responsible for safety and security." Complaint (#2) p. 3. Plaintiff further alleges that he requested the U.S. Marshal's Service to move him to a federal facility "away from defendants and that request was denied. Id. p. 5. Plaintiff alleges that defendant Brown's failure to "intervene" and transport plaintiff "away from defendants" violated plaintiff's Eighth Amendment rights. Id. p. 8.

Section 1983 creates a private right of action against individuals who violate federal constitutional or statutory rights while acting under the color of state law. Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Ibrahim v. Dept of Homeland Security, 538 F.3d 1250, 1257 (9th Cir. 2008) [Section 1983 only provides a remedy against persons acting under the color of state law]. "Federal officers acting under federal authority are immune from suit under section 1983 unless the state or its agents significantly participated in the challenged activity." Gibson v. United States, 781 F.2d 1334, 1343 (9th Cir. 1986);

In this case although plaintiff generally alleges that

"the USM acted jointly, and conspired with state and county officials," plaintiff has not alleged any facts that would establish that any state agents or officers significantly participated in defendant Brown's decision not to transfer him to a different facility. Therefore plaintiff's complaint fails t state a 42 U.S.C. § 1983 claim against defendant Brown.

Even if plaintiff amended his complaint to allege his claim against defendant Brown pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 389 (1971)[1], I find that plaintiff has failed to allege sufficient facts to establish a claim for cruel and unusual punishment under the Eighth Amendment.

The Eighth Amendment proscribes punishments which involve the "unnecessary and wanton infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Gregg v. Georgia, 428 U.S. 153, 173 (1976).

In order to establish liability under the Eighth Amendment, a plaintiff must prove two distinct components: 1.) that the plaintiff actually suffered an extreme deprivation or was placed at a substantial risk of suffering a significant injury; and 2) that the defendants acted with a sufficiently

---

[1]A *Bivens* action is the "federal counterpart" to a § 1983 action. *See*, Hinshaw v. Burfield, 2012 WL 3627425 at *3 (C.D. Cal. June 15, 2012).

culpable state of mind (deliberate indifference). Marrero v. Rose, 2013 WL 2991295 at *4 (E.D. Cal. June 14, 2013); Farmer v. Brennan, 511 U.S. 825, 828 (1994). Wilson v. Sieter, 501 U.S. 294, 298 (1991); LeMaire v. Mass, 12 F.3d 1444, 1451 (9th Cir. 1993); May v. Bladwin, 109 F.3d 557, 565 (9th Cir. 1997).

The Eighth Amendment does not apply to every deprivation or even every unnecessary deprivation, suffered by a prisoner, but only that narrow class of deprivation "serious injury inflicted by prison officials acting with a culpable state of mind." Hudson v. McMillian, 503 U.S. 1 (1992).

There is a *de minimis* level of imposition with which the Constitution is not concerned. Ingraham v. Wright, 430 U.S. 651, 674 (1977). Extreme deprivations are required to make out a conditions of confinement claim. Only those deprivations denying the 'minnimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, supra, at p. 8-9, *quoting* Rhodes v. Chapman, supra at 347 and Wilson v. Seiter, supra at 298.

In this case plaintiff alleges that defendant Kyles "stood uncomfortably close" to him, "made contact with plaintiff's crotch area and touched his penis," then made vulgar comments to him. Plaintiff further alleges that Kyles "peeked over the shower door" when plaintiff was showering and

said "I could go for that."

Plaintiff allegations, if true, are disturbing and clearly represent inappropriate conduct. However, the sexual harassment alleged by plaintiff does not constitute a risk of sufficiently serious harm to plaintiff's health or safety to rise to the level of an Eighth Amendment violation.

In addition, plaintiff has not alleged that defendant Brown had a sufficiently "culpable state of mind" to support an Eighth Amendment violation. Plaintiff alleges that he asked to be removed "away from defendants" but he has not alleged that he informed Brown that he was confined under conditions posing a risk of "objectively sufficiently serious harm" to his health or safety. *See*, Clemets v. Gomez, 298 F.3d 898 (9th Cir. 2002). Thus he has failed to establish that Brown had a state of mind functionally equivalent to criminal recklessness, *see* Farmer v. Brennan, *supra,* in failing to "intervene and move (plaintiff) to a different facility."

2.) Defendants McDowall, Kyles, Moyer and Dickerson (the "Columbia County defendants") move the court for summary judgment. County Defendants' Motion for Summary Judgment (#46).

Plaintiff alleges that while he was incarcerated in the Columbia County Jail, defendant Kyles touched him in a sexual manner and made vulgar comments to him in violation of his

Eighth Amendment protection against cruel and unusual punishment. Plaintiff further alleges that he was denied an appropriate grievance process in violation of his Fourteenth Amendment rights

The facts giving rise to plaintiff's Eighth Amendment claim are disputed. As set forth above, plaintiff alleges that defendant Kyles "stood uncomfortably close" to plaintiff and "actually made contact with plaintiff's crotch area and touched plaintiff's penis," and made vulgar comments to him. Complaint (#2) p. 4-5. Plaintiff further alleges that Kyles "peeked over" the shower door when plaintiff was showering and "while removing shackles and belly chains ... defendant Kyles fondled plaintiff." Id. p. 6-7. Defendant Kyles disputes plaintiff's allegation. *See*, Kyles Declaration (#47).

Although the relevant facts are disputed, I find that the disputed facts are not material because even if plaintiff's version of the facts are true, the facts alleged by plaintiff are insufficient to give rise to an Eighth Amendment claim for cruel and unusual punishment.

To the extent that plaintiff's claims are based on defendant Kyles alleged vulgar comments they do not give rise to a claim under 42 U.S.C. § 1983. *See*, Oltarzewski v. Ruggiero, 830 F.2d 136 (9th Cir. 1987); Guat v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); *see also*, Hopson v. Frederickson, 961

F.2d 1374 (8th Cir. 1992); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Stevens v. Williams, 2008 WL 916991, *14 (D. Ore. March 27, 2008.

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In the Ninth Circuit, the PLRA "requires a prior showing of physical injury that need not be significant but must be more than *de minimus*. Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).

The Ninth Circuit has consistently upheld the PLRA and held that a physical injury is required for an inmate to obtain damages for emotional or mental injuries. *See*, Jackson v. Montery County Jail, 407 Fed. Appx. 119, (9th Cir. 2011); Acosta v. Arpaio, 466 Fed. Appx. 556 (9th Cir. 2011).

In his motion for summary judgment plaintiff acknowledges that he has "no 'physical injury'" and that his claim is for "emotional distress." Motion for Summary Judgment (#24) p. 2. Plaintiff's claim for compensatory damages is for "the mental and emotional injuries sustained as a result of the sexual assault and harassment." Id., p. 10.

In his Brief in Opposition to Defendants' Motion for Summary Judgment (#63), plaintiff argues that his allegations

of "sexual assault" satisfy the PLRA's physical injury requirement. However, the cases relied upon by plaintiff are distinguishable from the alleged facts of this case in that they involved repeated incidents of rape, coerced sodomy, oral sex and intimate touching.

The alleged facts of the case at bar are more similar to those of Boddie v. Schnieder, 105 F3d 857 (2nd Cir. 1997). In *Boddie*, an inmate alleged that a female corrections officer made "a pass" at him on one occasion and the next day she "squeezed his hand, touched his penis, and said, "[Y]ou know your (sic) sexy black devil, I like you." Id. at 859-60. On another occasion the officer made the plaintiff take off his sweatshirt and then "bump[ed] into [his] chest with her breasts so hard [he] could feel the points of her nipples against [his] chest." Id. at p. 60. When the inmate tried to pass by her again, the corrections officer "again bumped into him, this time 'with her whole body vagina against penis pinning [him] to the door.'" Id.

The Second Circuit agreed with the lower court in granting the defendants' motion to dismiss, holding that:

> "Boddie nevertheless failed to state an Eighth Amendment claim. He asserts a small number of incidents in which he allegedly was verbally harassed, touched, and pressed against without his consent. No single incident that he described was severe enough to be "objectively, sufficiently serious.' Nor were the incidents cumulatively egregious in the harm they inflicted. The isolated

> episodes of harassment and touching alleged by Boddie are despicable and, if true, they may potentially be the basis of state tort actions. But they do not involve the harm of federal constitutional proportions as defined by the Supreme Court."

Id. at 861.

Plaintiff's allegations in this case are similar to those in *Boddie* and suffer from the same deficiencies. As in *Boddie*, plaintiff alleges isolated incidents of over-the-clothes touching accompanied by sexually suggestive comments. I agree with the Second Circuit that these allegations are insufficient to rise to the level of an Eighth Amendment violation.

The Violence Against Women Reauthorization Act of 2013, created a limited exception to the physical injury requirement of 42 U.S.C. § 1997e(e) where the claim is based sexual abuse in custodial settings. However, the exception is not applicable in this case because plaintiff's complaint contains no allegations of "sexual acts" as defined in the statute. *See* 18 U.S.C. § 2246.

Plaintiff's Eighth Amendment claims against the other defendants are derivative of his claim against Defendant Kyles. Because I find that defendant Kyles alleged conduct towards plaintiff did not violate the Eighth Amendment, plaintiff's Eighth Amendment claims against the other defendants fail as well.

Moreover, plaintiff's Eighth Amendment claims against defendants Moyer and McDowall are based on their alleged failure "to take precautionary steps and/or disciplinary or other action to curb and address the abuse once they received information and complaints regarding defendant Kyles sexually inappropriate conduct." Complaint (#2) p. 7-8.

The failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior by others does not amount to the direct participation necessary to state a § 1983 claim. *See*, Johnson v. Hayden, 2012 WL 652586, *3 (D.Ore., Feb 10, 2012), *citing*, Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), *cert denied*, 530 U.S. 1264, 120 S.Ct. 2724 (2000)(concerning denial of a grievance).

Plaintiff alleges that "the actions of defendant Dickerson and defendant McDowall in refusing to adhere to a grievance procedure ... denied plaintiff due process of law in violation of the Fourteenth Amendment." Complaint (#2) p. 8.

However, "[a} prisoner has no substantive right to a prison grievance system, and due process claims based upon the denial or interference with a prisoner's access to a prison grievance system are not cognizable." McVay v. Becker, 2012 WL 1890374, *8 (D. Ore., March 21, 2012 (Magistrate Judge Acosta) *citing* Ramirez v. Glasa, 334 F.3d 850, 860 (9th Cir. 2003). Therefore, defendants are entitled to judgment as a

matter of law as to any due process claim based on the alleged denial or interference with plaintiff's attempt to file a grievance.

Assuming *arguendo* that one or more of the Columbia County defendants' alleged conduct violated plaintiff's constitutional rights, defendants are entitled to qualified immunity from liability to plaintiff because plaintiff has not established that such conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have know." Conn. V. Gabbert, 526 U.S. 286 (1999); Siegert v. Gilley, 500 U/S. 226 (1991); Saucier v. Katz, 533 U.S. 194 (2001). 3.) Pendent (supplemental) state law claims:

To the extent that plaintiff's allegations may state a tort or other claims arising under the Oregon Constitution, or state statutes, I find that it is appropriate to refrain from exercising federal jurisdiction over those claims.

If the federal claim giving rise to the court's jurisdiction is dismissed before trial, supplemental state law claims may be dismissed as well. 28 U.S.C. § 1367(c)(3). Some cases hold that the proper exercise of discretion *requires* dismissal of state law claims unless "extraordinary circumstances" justify their retention. Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1991); Wentzka v. Gellman, 991

F.2d 423, 425 (7th Cir. 1993). However, most courts hold that whether to dismiss supplemental claims is fully discretionary with the district court. Schneider v. TRW, Inc., 938 F.2d 986, 993-994 (9th Cir. 1991), weighing factors such as economy, convenience, fairness and comity. Brady v. Brown, 51 F.3d 810 (9th Cir. 1995).

In this case there are no extraordinary circumstances compelling the court to retain jurisdiction over plaintiff's supplemental state law claims and the relevant factors weigh against retention of those claims.

Based on the foregoing, I find that plaintiff has failed to state a Eighth Amendment claim against Defendant Brown. Defendant Brown's Motion to Dismiss (#41) is allowed; the Columbia County Defendants' Motion for Summary Judgment (#46) is allowed; plaintiff's request for injunctive relief is denied as moot in that plaintiff is no longer incarcerated in the Columbia County Jail; Plaintiff's claims for declaratory relief are denied based on my finding that plaintiff's constitutional rights were not violated by defendants alleged conduct; and, the court declines to exercise supplemental jurisdiction over any remaining state law claims. The Clerk is directed to enter a judgment of dismissal with prejudice.

////

////

***Any appeal from this order or judgment of dismissal would be frivolous and not taken in good faith.***

DATED this 7 day of ~~September~~ October, 2013.

Ann Aiken
United State District Judge